IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| AGV SPORTS GROUP, INC., et al., | * | |
| Plaintiffs, | * | |
| vs. | * | Cause No. 1:08-CV-03388-RDB |
| PROTUS IP SOLUTIONS, INC., et al., | * | |
| Defendants, | * | |

\* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PROTUS IP SOLUTIONS, INC.'S MOTION TO QUASH SUBPOENA

This Memorandum is filed on behalf of Defendant Protus IP Solutions, Inc. ("Protus"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, and in support of its Motion to Quash Subpoena.

## INTRODUCTION

Plaintiffs have filed this action alleging violation of the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), and the Maryland Telephone Consumer Protection Act, Maryland Ann. Code, Commercial Law Art., § 14-3201-3202 ("MD-TCPA").   The Complaint, filed by a total of seven individuals and business entities, alleges that Plaintiffs were the recipients of unsolicited facsimile advertisements transmitted to them by Defendants.   According to the Complaint, at issue in this case are 868 facsimiles allegedly received by Plaintiffs.

Plaintiffs have issued a subpoena to Stephen H. Ring, Esq. ("the Ring Subpoena"), an attorney representing different plaintiffs in an unrelated action filed against Protus ("*Hobby Works*").   *Hobby Works* likewise alleges violation of the TCPA and MD-TCPA but is brought by nine completely different plaintiffs and would therefore involve an entirely different set of facsimiles.   (See *Hobby*

*Works* Complaint, attached hereto as ***Exhibit A***.)  The Ring Subpoena calls for Mr. Ring to produce the following documents:

> All documents, including substantive Interrogatory Answers or Responses, and deposition transcripts, that your office received in discovery in the case *Hobby Works, Inc. et al v. Protus IP Solutions, Inc.*, Case # 2008-CV-01618-DKC.

(See Ring Subpoena, attached hereto as ***Exhibit B***.).  The subpoena has a return date of November 30, 2009.[1]

As the Court is aware, Protus is a corporation organized pursuant to the laws of Canada and located within the province of Ontario.  Protus is thus required to comply with two laws governing the production of business records and the disclosure of private information:  (1)  the Ontario Business Records Protection Act ("OBRPA"), R.S.O., ch. B.19, §§ 1-2 (1990) (Can.), which regulates the disclosure of certain types of information by Ontario companies, and (2)  the Canadian Personal Information Protection and Electronic Documents Act ("PIPEDA"), R.S.C., ch. 5, § 1-50 (2000) (Can.), which prohibits the disclosure of personal information such as name, age, and credit history to third parties. The plaintiffs in *Hobby Works* have conducted broad discovery regarding Protus' business operations and more than 35 customers of Protus.  Protus' production of documents and responses to discovery include the information and documents protected by OBRPA and PIPEDA.  Documents maintained by Protus and subject to the protections of OBRPA and PIPEDA were only produced upon the entry of an order by an Ontario Court permitting their production to the *Hobby Works* plaintiffs. (See September 26, 2008 OBRPA Order, attached hereto as ***Exhibit C***, and August 18, 2009 PIPEDA Order, attached hereto as ***Exhibit D***).  Furthermore, Mr. Ring, pursuant to the order issued by the Ontario court, executed an Undertaking wherein he agreed not to use information received pursuant to the PIPEDA order "for any purposes other than those of the proceeding in which the evidence or

---

[1] Any duty Mr. Ring may have to respond to the subpoena is stayed by consent of the parties while this Motion to Quash is briefed and under advisement.

information was obtained." (See Undertaking executed by Stephen H. Ring, attached hereto as ***Exhibit E***). This Court, in granting Protus' Motion for Protective Order has acknowledged the application of OBRPA and PIPEDA to Protus' documents in the instant case and ordered Plaintiffs to comply with the procedures necessary to permit Protus to produce its documents in a manner that complies with those laws ("AGV Protective Order").  (See Memorandum Order granting Protus' Motion for Protective Order, Docket No. 108.)

Moreover, a Stipulation and Protective Order Regarding Confidential Information was entered by the Court in *Hobby Works* ("Hobby Works Protective Order").  (See Hobby Works Protective Order, attached hereto as ***Exhibit F***.)  Protus, pursuant to and in reliance on the Hobby Works Protective Order, has designated the majority of its internal documents as "Confidential" or "Confidential – Attorney's Eyes Only."  These designations were applied, for example, to documents protected by OBRPA and PIPEDA, as appropriate.  Protus has likewise applied the same designations to portions of deposition testimony.  No motions have been filed in *Hobby Works* requesting amendment of the Hobby Works Protective Order to allow for the production of confidential materials in the instant case.

Plaintiffs, by way of the Ring Subpoena, seek to circumvent all of the above by requesting all of Protus' discovery in *Hobby Works*.  The Ring Subpoena drastically exceeds the scope of permissible discovery under Rule 26 in that it is not rationally limited to the issues in this case, i.e. the alleged receipt of unsolicited facsimile advertisements received by Plaintiffs.  Moreover, it seeks the production of documents protected by the laws of Canada and Ontario as well as by the Hobby Works Protective Order.  Finally, the documents sought are largely confidential and no procedures have been established in the instant case for the protection of the parties' proprietary information.  Accordingly, the Ring Subpoena should be quashed.  In the alternative, a protective order should be entered limiting the Ring Subpoena to documents not deemed confidential or otherwise prohibiting the dissemination of any

materials received by Plaintiffs or their counsel in a manner inconsistent with the Hobby Works Protective Order.

## ARGUMENT

**A.      Protus Has Standing To File To Quash The Subpoena Because It Has A Privacy Interest In The Materials Sought By Plaintiffs.**

The general rule is that a party has no standing to quash a subpoena served upon an independent third party, except as to claims of privilege relating to the documents being sought. Oliver Cannon and Son, Inc. v. Fidelity and Cas. Co. of N.Y., 519 F.Supp. 668 (D.Del.1981). However, a party also has standing to move to quash a subpoena upon demonstrating the existence of an applicable privacy interest. Broadcort Capital Corp. v. Flagler Securities, Inc., 149 F.R.D. 626 (D.Colo.1993); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D.Kan.1995).

In the instant case, the parties in *Hobby Works* agreed to, and the Court entered, a protective order allowing for the designation of discovery materials as confidential and prohibiting disclosure of such documents and their content to persons or entities not parties to that litigation or their attorneys. Protus has relied upon the protective order and designated many of its discovery responses, documents and deposition transcripts as "Confidential" or "Confidential – Attorneys Eyes Only."  The documents requested by the Ring Subpoena include internal documents regarding Protus' operations and technology, documents identifying Protus' employees, documents identifying Protus' customers and their purchase history, and deposition testimony regarding Protus' services.[2]  Public disclosure of this information, as recognized by the Court in *Hobby Works*, would weaken Protus' competitive position within its industry and could expose it to serious injury, such as attempts to poach its customers.  (See Hobby Works Protective Order, ***Exhibit F***, stating that "[d]iscovery of Confidential Information could

---

[2] Due to the time constraints created by the upcoming holiday and return date on the Ring Subpoena, Protus has not compiled an accounting of the confidential documents produced to the plaintiffs in *Hobby Works*.  If the Court concludes more detail is necessary to support Protus' claims of confidentiality or more clearly demonstrate the types of documents at issue, Protus and its counsel are prepared to supplement this motion as needed.

result in significant harm to a Party, and may hinder its ability to compete effectively in its area of business.")   Protus thus has an interest in preserving the privacy of its discovery responses and testimony, and therefore has standing to move to quash the Ring Subpoena.

**B.      The Ring Subpoena Should Be Quashed Because It Exceeds The Scope Of Discovery Authorized By Rule 26.**

It is axiomatic that Rule 26 places well-defined limits on the scope of discovery – *parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense*. FRCP 26(b)(1).  The scope of discovery under a subpoena is only as broad as permitted under Rule 26(b).  Graham v. Casey's General Stores, 206 F.R.D. 251, 253 (S.D.Ind. 2002).  This case has been filed by seven plaintiffs who claim they are entitled to damages for the receipt of unsolicited facsimile advertisements.  These seven plaintiffs are different from the nine plaintiffs in *Hobby Works* and are thus seeking recovery for facsimiles not at issue in that case.  (See Complaint filed in *Hobby Works, Inc., et al. v. Protus IP Solutions, Inc.*, attached hereto as *Exhibit A*.)  It is unknown at this point which, if any, customers of Protus sent facsimiles advertisements to Plaintiffs in this action.   The files maintained by Protus on more than thirty of its customers – including private information protected by Canadian law – were produced in *Hobby Works* and are encompassed by the Ring Subpoena.  However, discovery in the instant action has barely begun and what, if any, overlap between discovery in these two cases may exist is not yet identified.[3]

Plaintiffs' request for every document received in discovery by Mr. Ring is, on its face, overly broad and irrelevant.  Neither the same plaintiffs nor the same facsimile transmissions are at issue in *Hobby Works*.   The Ring Subpoena does not purport to limit the discovery sought to, for example, facsimile transmissions to Plaintiffs or communications between Protus and customers that transmitted

---

[3] Protus served Plaintiffs with interrogatories and request for production on September 17, 2009 which would have allowed the parties to begin identifying which, if any, Protus customers might be implicated in this case.  Plaintiffs have not responded to Protus' discovery requests.

facsimiles to Plaintiffs. Plaintiffs' request for every single document received by Mr. Ring necessarily encompasses a vast quantity of documents that cannot conceivably be relevant in the instant matter, such as:

1. Documents related to the *Hobby Works* plaintiffs;

2. Documents related to facsimile transmissions to the *Hobby Works* plaintiffs; and

3. Documents related to the customers alleged to have utilized Protus' technology to transmit facsimiles to *Hobby Works* plaintiffs but not implicated in the instant case.

These documents obviously have no relationship to the claims asserted by Plaintiffs and the Ring Subpoena is therefore not reasonably calculated to lead to the discovery of admissible evidence. This reason, standing alone, provides sufficient basis to quash the Ring Subpoena.

**C.    Rule 45(c)(3)(A)(iii) Requires The Ring Subpoena Be Quashed As It Calls For The Production Of Protected Matter.**

Rule 45(c) identifies multiple scenarios wherein a subpoena may or, or alternatively, must be quashed. Specifically, under Rule 45(c)(3)(A)(iii), a subpoena is ***required*** to be quashed if it calls for the disclosure "of privileged or other protected matter."

The documents requested by Plaintiffs in the Ring Subpoena are, in large part, subject to the Hobby Works Protective Order. (See ***Exhibit F***). Protective orders "allow parties to make full disclosure in discovery without fear of public access to sensitive information" so as to promote the overriding goals of the Federal Rules of Civil Procedure. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990). Such orders should not be disregarded and only the Court entering the order possesses the authority to modify it. Id. As such, the confidential documents encompassed within the Ring Subpoena are precluded from disclosure to Plaintiffs by subpoena in the instant case under Rule 45(c).

A virtually identical situation was before the District Court in <u>Mona Vie, Inc., LLC v. Amway Corp.</u>, 2009 WL 524938 (D.Colo. 2009).  In <u>Mona Vie</u> the defendant subpoenaed two non-parties – a litigant and his law firm that had been involved in prior litigation involving the predecessor of the plaintiff.  <u>Id.</u> at *1.  The subpoena called for the production of information that was subject to a stipulated protective order in the earlier case.  <u>Id.</u>  The plaintiff filed a motion to quash the subpoena which was granted by the District Court:

> [T]he Court has serious concerns about the effect of the Protective Order entered by the District of Utah on the discovery sought by Defendant's subpoenas. . . The court does not believe that it is appropriate for Defendant to attempt to circumvent the protections provided in the Protective Order by attempting to obtain Plaintiffs' privileged and/or confidential documents from SM&P.  Indeed, in *United Nuclear*, the court noted that "federal civil discovery may not be used merely to subvert limitations on discovery in another proceeding . . . [and] a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation.

<u>Id.</u> at *4.  The Court held, consistent with the ruling of the Tenth Circuit in <u>United Nuclear Corp.</u>, that the Court entering the protective order had sole discretion to modify it and requests for documents produced in the prior litigation must be taken up with that court.

This Court, for the same reasons, should quash the Ring Subpoena.  United States Magistrate Judge Charles B. Day entered the Hobby Works Protective Order as stipulated to by all parties.  Documents have been exchanged and discovery conducted in reliance upon the protections afforded by that order.  Plaintiffs should not be permitted circumvent the AGV Protective Order and the Hobby Works Protective Order by way of a subpoena in this action – this attempt to subvert the OBRPA, PIPEDA, the AGV Protective Order and the Hobby Works Protective Order is wholly inappropriate.  Any responsive documents in the possession of Mr. Ring and designated as confidential are, for purposes of this case, "protected matter" and Rule 45(c) requires the entry of an order quashing the Ring Subpoena.

Many of the documents produced in *Hobby Works* to Mr. Ring are protected under Rule 45(c) for a second reason – they are subject to OBRPA and PIPEDA and were produced subject to the orders of the Canadian Court authorizing their limited production for use in *Hobby Works*.   These documents, by virtue of OBRPA and PIPEDA, are protected from more widespread disclosure by statute and may not be acquired by Plaintiffs via subpoena.   See Megonnel v. Infotech Solutions, Inc., 2009 WL 3857456 (M.D.Pa. 2009) (quashing subpoena calling for documents protected by Public Health Service Act).  As evidenced by the orders entered by the Ontario Court relative to *Hobby Works*, production of protected documents was authorized only for purposes of that action – neither order authorizes secondary disclosure by Mr. Ring to Plaintiffs.  Allowing Plaintiffs to acquire those documents in this action via the Ring Subpoena undermines OBRPA and PIPEDA and disregards the interests of international comity acknowledged by this Court in the AGV Protective Order.

For the reasons set forth herein, Rule 45(c)(3)(A)(iii) requires the entry of an order quashing the Ring subpoena.

**D.  An Order Quashing The Ring Subpoena Is  Further Appropriate Under Rule 45(c)(3)(B)(i) As The Subpoena Requests Trade Secret And Confidential Commercial Information.**

The Court is further authorized to enter an order quashing a subpoena that calls for the production of confidential commercial information and trade secrets.  Courts routinely enter orders to protect "proprietary and technical information, financial information and business strategy or marketing information which, if revealed to a competitor, would put a company at a competitive disadvantage."  In re Adobe Systems, Inc. Securities Litigation, 141 F.R.D. 155, 158 (N.D. Cal. 1992).  See, also, Laffitte v. Bridgestone Corp., 2009 WL 500561 (S.C. 2009) (trade secret information is subject to protective order and must be shown to be "necessary" and not just "useful" by party seeking the information); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994) ("good cause" exists to protect a party from being put at a competitive disadvantage); Georgia Television Co. v. TV News Clips of Atlanta, Inc., 718

F. Supp. 939, 953 (N.D. Ga. 1989) (same). Confidential business information is recognized as property, and the value of such information is defined by the extent to which the information is kept secret from others. In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991). By entry of the Hobby Works Protective Order that court has already recognized the need for protection of Protus' confidential information.

Protus, in *Hobby Works*, has produced thousands of pages of documents and the majority of them contain information considered confidential and proprietary by Protus. The documents produced include:

1.    Internal documents related to Protus' operations;

2.    Information regarding employees;

3.    Information regarding customers; and

4.    Proprietary technological information.

The depositions and discovery responses sought by the Ring Subpoena likewise contain confidential and trade secret information. The information above, if made public, could put Protus at a severe competitive disadvantage in its industry. Further, it would undo the work and expense Protus has invested in keeping this information confidential in *Hobby Works* and other litigation as there is yet no protective order entered in this case relative to confidential information.[4]

The potential for unrestricted disclosure and dissemination of Protus' confidential and proprietary information – especially in light of the sheer breadth of the Ring Subpoena – further justifies an order granting this Motion to Quash.

---

[4] Protus was preparing to propose just such a protective order to Plaintiffs in this case at the time the Ring Subpoena arrived. However, it should be noted, that Plaintiffs have already opposed a similar protective order during earlier stages of this litigation. (Docket No. 64)

**E.      An Order Quashing The Ring Subpoena Is Further Appropriate Under Rule 26(c).**

The 1991 Advisory Committee Notes to Rule 45 acknowledge the existence of overlap between Rule 45 and Rule 26.   As such, the Courts have likewise acknowledged the availability of a "complementary source of authority" in Rule 26 when dealing with subpoenas served on non-parties.   In re Fosamax Products Liability Litigation, 2009 WL 2395899, *2 (S.D.N.Y. 2009).   Accordingly, Rule 26(c) offers further authority and instruction relative to the handling of the Ring Subpoena.

Rule 26(c) authorizes the Court, for the purpose of protecting a party from annoyance, embarrassment, oppression, or undue burden or expense, to forbid certain discovery, prescribe an alternative method of discovery, and/or require that trade secret or confidential information not be revealed.  For the reasons already set forth above, it would be unfair, oppressive and unduly burdensome upon Protus to allow Plaintiffs to make an end run around the authorized methods of discovery by way of an inappropriate third party subpoena.   Plaintiffs still have available to them the entire arsenal of discovery typically relied upon by litigants seeking discovery from a party – interrogatories, requests for production and depositions.   These tools can and should be relied upon by Plaintiffs to conduct targeted discovery designed to uncover facts relevant to their claims as opposed an overly broad subpoena seeking to acquire all discovery by Protus in unrelated litigation regardless of whether it is relevant to the instant matter or not.   Plaintiffs have in fact already begun this investigation by serving interrogatories and requests for production on Protus. Plaintiffs efforts to acquire every single document produced by Protus in an unrelated case are inappropriate when there are more reasonable alternative methods of discovery readily available to them that will not result in the needless dissemination of Protus' confidential and proprietary information.

**F.     In The Alternative, In The Event The Court Declines To Quash The Ring Subpoena, Protus Requests (1) Mr. Ring's Response To The Subpoena Be Limited To Documents Not Designated As Confidential, Or (2) The Entry Of A Protective Order Identical To The Hobby Works Protective Order And Accompanied By Application Of The Confidentiality Designations Made In Hobby Works To The Instant Case.**

In the event the Court declines to quash the Ring Subpoena in its entirety, Protus, without prejudice to its request above that the Ring Subpoena be quashed, respectfully suggests one of two alternative forms of relief.  The most appropriate alternative relief would be to limit Mr. Ring's response to the subpoena to the production of documents not designated "Confidential" or "Confidential – Attorney's Eyes Only."  This compromise allows Plaintiffs to acquire those documents that are not commercially sensitive while still protecting Protus' interest in preventing the dissemination of its confidential and proprietary information.

The second alternative form of relief requested by Protus is, in the event the Court overrules its Motion to Quash, the entry of a protective order identical in form to that entered in *Hobby Works* and the application of the confidentiality designations applied to those documents.  In other words, in the event Plaintiffs and their counsel are granted access to all of the documents produced to Mr. Ring, they receive them on the same terms Mr. Ring and his clients did.  This relief will protect Protus' interest in the confidentiality of its business information.

## CONCLUSION

For all of the reasons discussed above, Protus respectfully requests that the Court enter an order quashing the subpoena served by Plaintiffs on Stephen H. Ring, Esq. and for such other and further relief as this Court deems just and proper.

Dated:  November 29, 2009                    Respectfully submitted,

                                             /s/ Ryan J. Gavin_____
                                             Mary Ann L. Wymore (*Pro Hac Vice*)
                                             mlw@greensfelder.com
                                             Ryan J. Gavin (*Pro Hac Vice*)
                                             rjg@greensfelder.com
                                             GREENSFELDER, HEMKER & GALE, P.C.
                                             10 S. Broadway, Suite 2000
                                             St. Louis, Missouri  63102
                                             Telephone:  (314) 241-9090
                                             Facsimile:  (314) 345-5465

                                             Dana W. McKee
                                             dwm@browngold.com
                                             120 E. Baltimore Street, Suite 1700
                                             Baltimore, MD  21202-6701
                                             Telephone:  (410) 962-1030
                                             Facsimile:  (410) 385-0869

                                             *Attorneys for Defendants Protus IP Solutions, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                             /s/ Ryan J. Gavin_____