UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

AGV SPORTS GROUP, INC., et al.  *

    *Plaintiffs*  *  Case # 08-CV-3388-RDB

v.  *

PROTUS IP SOLUTIONS, INC., et al.  *

    *Defendants*  *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA**

The Plaintiffs, through undersigned counsel, respond to the November 29, 2009 Motion to Quash filed by Defendant Protus IP Solutions, Inc. (Protus), ECF document #116. Protus seeks to quash entirely a subpoena served by Plaintiffs on attorney Stephen H. Ring (Ring), who is counsel for several plaintiffs in a similar TCPA action over 100s of unsolicited fax ads sent by Protus, *Hobby Works, Inc. et al. v. Protus IP Solutions, Inc.*, Case DKC-08-cv-1618 (D. Md.). The Motion should be denied for the reasons below.

**ARGUMENT**

Protus's Motion suffers from the fundamental problems of (1) assuming facts not demonstrated in its Motion or in the record of this case, and importantly, (2) fails to produce any copies of the documents, or identify the type of information, that it seeks for this Court to protect, and without which, the Court lacks the necessary informational basis to grant Protus's Motion.

The unsolicited fax ads in this case are the same as in *Hobby Works*

Protus asserts, contrary to common sense, and despite its own knowledge that its assertion is false, that the roughly 1,000 unsolicited fax ads at issue and sent to the seven Plaintiffs in the instant case by Protus and its advertiser clients, and the thousands of unsolicited fax ads sent to the seven plaintiffs in the *Hobby Works* case by Protus and its advertiser clients, all sent during the same period of several years up until these two suits were filed in 2008 in this Court, "involve an **entirely**

different set of facsimiles." Protus Motion to Quash at 1, bottom (emphasis added)  This is false.

Both pending cases in this Court allege a wide variety of fax ad types were sent by Protus for its advertiser clients.  The variety covers essentially every type of product or service that typically gets solicited by fax.  These include fax ads soliciting or advertising: ice melt products, vacation and travel, stocks, health care, insurance, mortgages, loans, legal assistance, medical-related services or products, business services, and ads that offer to sell or buy businesses.

Protus and its counsel have copies of the fax ads alleged in both cases.  They could have easily provided an affidavit to back up their assertion, but failed to, and can not do so now. They failed to do this because their assertion is knowingly false.  Attached herein as Exhibits 1 and 2 are copies of 10 unsolicited fax ads from each of the two cases showing how the variety of fax ads are the same, and in some cases, identical.

Exhibit 1 contains 10 unsolicited fax ads, consisting in order of: 8 ads sent to AGV Sports Group, Inc., 1 ad sent to William Michael Jacobs, and 1 sent to Powers & Powers, P.A.:

| # | Date | Bates | Description | Phone |
|---|------|-------|-------------|-------|
| 1. | 9/15/2004 | Bates 62 | Cut Your House Payment in Half - 2.375% | 800-824-3210 |
| **2.** | **9/15/2004** | Bates 118 | Flatroof Experts - Baltimore Roofing | 888-375-2401 |
| 3. | 1/18/2005 | Bates 147 | Sell YOUR Business: NOW! | 800-481-0751 |
| **4.** | **2/22/2005** | Bates 185 | Seminar:Fund,Improve or Sell Your Business! | 800-701-2133 |
| **5.** | **8/18/2004** | Bates 205 | Wall Street Examiner - Issue #114 | 866-693-2289 |
| **6.** | **9/13/2004** | Bates 211 | U.S. Mining Report - Franklin Mining | 866-217-6435 |
| 7. | 6/28/2005 | Bates 324 | Its cruise season again! - $99 | 888-890-9695 |
| **8.** | **9/23/2004** | Bates 453 | Box Office Express-Automated DVD Rental | 800-440-3920 |
| 9. | 5/16/2005 | Bates 558 | More Bank For Your Buck - 2.95% | 800-391-2490 |
| 10. | 11/30/2004 | Bates 886 | America Find, Inc. | 888-256-2155 |

Exhibit 2 contains 10 unsolicited fax ads sent to John Garza, one of the nine plaintiffs in the *Hobby Works* case, which (all stamped COPY and numbered in the upper right corner) consist of:

| # | Date | | Description | Phone |
|---|------|---|-------------|-------|
| 1. | 2/5/2005 | Garza | Cut Your House Payment in Half - 2.375% | 800-563-1649 |
| **2.** | **9/15/2004** | Garza | Flatroof Experts - Baltimore Roofing | 888-375-2401 |
| 3. | 1/19/2005 | Garza | Sell YOUR Business: NOW! | 800-481-0751 |
| **4.** | **2/22/2005** | Garza | Seminar:Fund,Improve or Sell Your Business! | 800-701-2133 |
| **5.** | **8/18/2004** | Garza | Wall Street Examiner - Issue #114 | 866-693-2289 |
| **6.** | **9/13/2004** | Garza | U.S. Mining Report - Franklin Mining | 866-217-6435 |

2

| | | | | |
|---|---|---|---|---|
| 7. | 7/22/2005 | Garza | Its cruise season again! - $99 | 888-890-9683 |
| **8.** | **9/23/2004** | Garza | Box Office Express-Automated DVD Rental | 800-440-3920 |
| 9. | 5/18/2005 | Garza | More Bank For Your Buck - 2.95% | 800-391-2490 |
| 10. | 11/24/2004 | Garza | America Find, Inc. | 888-256-2155 |

The five fax ads bolded above were sent the same exact day to the two different plaintiffs in the two pending suits, and are identical in content[1]. The only, minor, difference between the other fax ads sent to the different plaintiffs, is the date sent, and in two cases the toll free sales number. The latter reflects the advertiser's need to have several toll free numbers (and sales reps) available to cover the incoming calls when Protus does a fax blast of thousands or tens of thousands of ads in the same or over a few days. What this means is that much of the very same discovery information that Protus insists the parties must spend months to go to Canada at great costs to obtain is already right here in Maryland waiting to be used.

The fax ads which are not a 'perfect' match among and across the two suits are still relevant, *inter alia*, to Protus's practices, policies and procedures, and to demonstrating by the sheer scope and volume of the fax broadcasting, that Protus simply had to know what it was doing was illegal. Even Protus has acknowledged fax broadcaster knowledge as relevant to establishing liability.

These 10 fax ads are just a sample, but adequately demonstrate that Protus's argument that the fax ads across the two suits "involve an **entirely** different set of facsimiles" is false. Further, it is a knowingly false assertion, since Protus and its counsel have all the fax ads in both suits.

This is important beyond just the ruling to be made on the instant Motion. Protus's argument regarding the Canadian PIPEDA and OBRPA laws, which Protus has used to delay discovery for months, and threatens many more months of delay, is dependent in large part on the assertions and proffers of the very same counsel who made these knowingly false assertions about

---

[1] These fax ads alleged by Garza in *Hobby Works* were requested and obtained by Plaintiffs' counsel.

3

the fax ads in the two suits being "**entirely** different." Protus's PIPEDA and OBPRA position has been supported, *inter alia*, by an Affidavit of Mary Ann Wymore, counsel for Protus. The Court should take into consideration her candor and the reliability of her assertions (which risk her disqualification by interjecting herself as a fact witness with material facts) when evaluating the pending Motion to Reconsider (ECF document #109, incorporate herein) regarding PIPEDA and OBRPA.

### **PIPEDA and OBRPA do not preclude the disclosure of the documents subpoenaed**

Protus next repeats its argument that Canadian laws, PIPEDA and OBRPA, prevent "the disclosure of personal information such as name, age, and credit history to third parties." Protus Motion at 2. Protus also argues that attorney Ring signed an Undertaking (Protus Exh. E) agreeing to use information received pursuant to an Canadian PIPEDA order only for purposes of the *Hobby Works* case.

Plaintiffs are not bound by Canadian law. Plaintiffs have argued in their separately pending Motion to Reconsider that Protus is also not bound by the Canadian laws which Protus conveniently uses as a discovery delaying tactic, and that a careful reading of those laws reveals that they do not require what Protus argues. Regarding the subpoenaed part, attorney Ring, he would not be using the documents produced to Plaintiffs pursuant to the subpoena at issue for any purpose at all. He would simply be responding to a lawful subpoena. Thus the Undertaking he signed (with a reservation of rights) would not be implicated in any way. Undersigned counsel in this case has not signed any Undertaking.

Disturbingly, Protus argues that this Court "in granting Protus' Motion for Protective Order . . .ordered Plaintiffs to comply with the procedures necessary to permit Protus to produce its documents in a manner that complies with those laws." Protus Motion at 4, top. This is false. The Court did grant Protus's Motion for Protective Order, which relieved Protus of answering

4

Interrogatories and producing documents , but the Order did not specifically order Plaintiffs to do anything. That is partly why Plaintiffs filed a motion to both reconsider and to clarify, since a Protective Order does not generally, if ever, require the responding party to take an affirmative action, and certainly not action as drastic as having to go to a Canadian court. Protus's interpretation of this Court's own Order again demonstrates that the Court should give little leeway in accepting Protus's word where facts, procedures or orders (*i.e.* from a Canadian court) are unclear or uncertain.

### **Plaintiffs are not bound by the Protective Order in *Hobby Works***

Protus's next argument is that a Stipulation and Protective Order Regarding Confidential Information was entered in the *Hobby Works* case.  The instant Plaintiffs are not bound by this agreement, and have refused Protus's requests in this case to agree to a similar order.  This is based in part on ludicrous arguments Protus has made that its toll free numbers that are printed freely on the thousands of fax ads it sends out, including many received by Plaintiffs, and which are required to be printed there by FCC regulations (64 C.F.R. § 64.1200(a)(3)) are confidential or proprietary.

Protus is using both Canadian law (PIPEDA and OBRPA) and protective orders to evade and delay all discovery. Yet despite having both of these delaying factors satisfied in the *Hobby Works* case, Protus was still sanctioned in *Hobby Works* for discovery violations, the order for which was provided previously by Plaintiffs.  Plaintiffs here have justifiably refused Protus' similar attempts here at over-designation and protection, including Protus's assertions that the discovery it would produce or via the subpoena to attorney Ring are supposedly 'confidential' or proprietary.

In addition, Protus bears the burden of demonstrating that the documents it seeks to protect are confidential or proprietary.  Protus does not meet its burden by simply referring to a stipulation made in another case, which probably would not be made now by the *Hobby Works* Plaintiffs.  The *Hobby Works* protective order is not the product of judicial discretion, but rather, a version of this Court's standard protective order.  At the bottom of page 3 of its Motion, Protus hints at or suggests

that some of the subpoenaed materials may not be deserving of confidentiality (Protus Mot. at 3, suggesting "limiting the Ring Subpoena to documents not deemed confidential"), which is what Plaintiffs have argued throughout this case.

Protus must <u>first</u> establish in <u>this</u> case that the responsive documents are deserving of a confidentiality or proprietary designation, not later.  Although Protus is not the person responding to the subpoena, the standard of Fed. R. Civ. Proc. 45(d)(2)(A) should apply here:

> A person withholding subpoenaed information under a claims that it is privileged or subject to protection as trial-preparation material must (i) expressly make the claims; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claims.

It is not clear that the materials at issue here qualify as "trial-preparation material" within the meaning of this rule.  Even assuming arguendo they do, Protus failed to meet condition (ii) above.

This Court has discretion to enter or not enter a protective order, in relevant part: a court "may, on motion, quash or modify the subpoena if it requires: . . .disclosing a trade secret or other confidential research, development, or commercial information."  FRCP 45(c)(3)(B)(i).  Plaintiffs are not seeking this specific type of protected information, which is really trade secrets.  Plaintiffs are seeking the contact information of Protus's clients, and Protus's practices and procedures. Plaintiffs are not seeking to discover the software code Protus might have developed to program its fax broadcasters, which is what this portion of the rule really addresses.

Even if the Court was to determine some portion of the subpoenaed documents might fall with FRCP 45(c)(3)(B)(i), Protus must make a factual showing, which it has not done.  Courts are given discretion to make discovery rulings, including protective orders, subject to an abuse of discretion standard, precisely because they involve issues of fact.  But for this discretion to properly reside, the Court must have facts upon which to make a discretionary ruling.  Otherwise a party in

6

the Plaintiffs' position is unfairly faced with overcoming an abuse of discretion standard when the factual basis which warrants this higher standard was never presented or existed.

The Rules provide for alternatives if the serving party "(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." FRCP 45(c)(3)(C)(i). Plaintiffs would be in such a hardship position should the Court deny in substantial part Plaintiffs' separately pending Motion to Reconsider and Clarify. They would be required to endure and expensive and lengthy process in another Country to obtain materials that, as noted above, are already here in Maryland, and for which they are willing to pay the reasonable production costs of.

Protus falsely asserts at page 5 of its Motion that "It is unknown at this point which, if any, customers of Protus sent facsimiles (*sic*) advertisements to Plaintiffs in this action." Plaintiffs demonstrated above 10 such fax ads from Protus's clients that are easily identifiable. Protus repeats this falsehood again in the same paragraph by asserting that "what, if any, overlap between discovery in these two cases may exist is not yet identified." Protus Motion at page 5. Protus has had Bate-stamped copies of the almost 1,000 fax ads at issue in this case for many, many months. Protus repeats yet <u>again</u> its lie that the same fax ads are at issue in this and the *Hobby Works* case. *Id.* In any event, Protus's argument that the subpoena is overly broad is not relevant because the responding party, attorney Ring, does not object, and Plaintiffs are willing to pay the costs of production.

Protus's argument to use Rule 26 lacks merit. Protus essentially seeks to preclude Plaintiffs from serving subpoenas on a non-party unless Protus agrees to the subpoena. Protus has blocked or sought to block all discovery directed at Protus so far in this case, whether Interrogatories or document Requests served on Protus, and now this subpoena. Protus has yet to produce a single document, or answer a single Interrogatory that would disclose any meaningful information, a year after this suit was filed. During this same time, Plaintiffs proffer that Protus has continued to send

7

unsolicited fax ads into Maryland, including to at least one of the Plaintiffs.

Protus suggests two alternatives: (1) limit the disclosure of subpoenaed documents to those not designated as confidential, or (2) enter a protective order identical to the *Hobby Works* protective order. Protus Motion at 11. The problem with alternative (1) is that as far as can be seen so far, Protus designates <u>everything</u> as confidential, including even its publicly disclosed toll-free numbers printed on fax ads which clearly are not confidential. The problem with Alternative (2) is that Plaintiffs do and will not stipulate to a protective order as the *Hobby Works* plaintiffs did, and Protus has not justified any protective order, and certainly not the very broad order in *Hobby Works*.

In one sense, this Court must decide whether a subpoena issued in a case in this Court, which is a Court order, takes precedence over a stipulated protective order entered in this same Court. The *Hobby Works* protective order does not contain a provision addressing subpoenas.

WHEREFORE the Court should deny Protus's Motion to Quash Subpoena.

Respectfully submitted,

/s/ *Michael C. Worsham*

Michael C. Worsham, Esq.  (Bar # 25923)
1916 Cosner Road
Forest Hill, Maryland 21050
(410) 557-6192,  Fax: (410) 510-1870
mcw@worshamlaw.com
*Attorney for Plaintiffs*

**REQUEST FOR HEARING**

Plaintiffs request a hearing on this Motion.

**CERTIFICATE OF SERVICE**

I certify a copy of this document was served via the Court's ECF system on December 17, 2009.

/s/

Michael C. Worsham, Esq.