IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AGV SPORTS GROUP, INC., et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-08-3388 |
| PROTUS IP SOLUTIONS, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case has been brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), and the Maryland Telephone Consumer Protection Act ("Maryland TCPA"), Maryland Ann. Code, Commercial Law Art., §§ 14-3201 and 14-3202 (Counts II & III), by a group of seven Plaintiffs: (1) AGV Sports Group, Inc.; (2) Baltimore Podiatry Group, Drs. Scheffler & Sheitel, P.A.; (3) Givens Collision Repair Center, Inc.; (4) Intelligent Devices, Inc.; (5) Powers & Powers, P.A.; (6) William Michael Jacobs; and (7) Martin Pasco (collectively "Plaintiffs"). Plaintiffs contend that they each received (in varying amounts, and from one or more of Defendants) unsolicited fax advertisements sent by the following Defendants: (1) Protus IP Solutions, Inc. ("Protus"); (2) Sunstar Travel and Tours, Inc. ("Sunstar"); and (3) Joseph D. Hanna, President of Defendant Sunstar ("Hanna").[1] Plaintiffs bring suit in this Court based on diversity of citizenship. *See* 28 U.S.C. § 1332. Pending before this Court is Plaintiffs' Motion for Reconsideration (Paper No. 109), Defendants Hanna's and Sunstar's Motion to Dismiss for

---

[1] Defendants The Marvin Group, LLC, Tommy Farmer, Neil Scott Luxenberg, and DNA Staffing Services, Inc., never filed an answer after having been served with process. Consequently, an Order of Default has been entered as to those four Defendants. See Paper Nos. 28, 29, 30, 41, 100. This Court dismissed Defendants Thomas J. Martin, Joseph Nour, Simon Nehme and Michael Jay for lack of personal jurisdiction. Paper No. 87.

1

Lack of Jurisdiction (Paper No. 111), Plaintiffs' Motion for Ruling or Certification (Paper No. 114), and Defendant Protus's Motion to Quash Subpoena (Paper No. 116). The parties' submissions have been reviewed and no hearing is necessary. See Local Rule 105.6 (D. Md. 2008). For the reasons stated below, this Court DENIES Plaintiffs' Motion for Reconsideration (Paper No. 109), GRANTS Defendants Joseph D. Hanna's and Sunstar Travel and Tours, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Paper No. 111), GRANTS Plaintiffs' Motion for Certification (Paper No. 114), and GRANTS Defendant Protus's Motion to Quash Subpoena (Paper No. 116).

## I.  Motion for Reconsideration

Plaintiffs have filed a Motion for Reconsideration (Paper No. 109), which is based on this Court's Memorandum Order dated November 3, 2009 (Paper No. 108). In that Memorandum Order, this Court granted Protus's Motion for a Protective Order (Paper No. 99), directing AGV to comply with two Canadian statutes during the discovery process: the Ontario Business Records Protection Act, R.S.O., ch. B.19, §102 (1990) ("OBRPA") and the Canadian Personal Information Protection and Electronic Documents Act, R.S.C., ch. 5 §§ 1-50 (2000) ("PIPEDA"). Plaintiffs reiterate their argument that complying with OBRPA and PIPEDA is unnecessary because the statutes do not apply to Americans or American companies, and that compliance will be prohibitively time-consuming and expensive. Plaintiffs therefore seek a "substantive reconsideration" of this Court's ruling as well as a "clarification of exactly what the Court expects next." Paper No. 109 at 1.

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of

fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has not enunciated the precise standard that should govern a motion for reconsideration of an interlocutory order under Rule 54(b). *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1472 (4th Cir.1991). In *Fayettville*, the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54," but suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. *Id.* at 1470. Thus, the court's analysis is guided by Rule 60(b) but is not bound by its strictures. *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.").

Under Rule 60(b), this Court has discretion to relieve Plaintiffs from a final order when any of the following can be shown:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to Move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Using the grounds for reconsideration listed in Rule 60(b) as guideposts, Plaintiffs' Motion for Reconsideration is denied. Plaintiffs do not point to any relevant case law or evidence that was unavailable at the time of this Court's Order. Instead, Plaintiffs reiterate arguments this Court previously rejected in its November 3, 2009 Memorandum Opinion. For example, Plaintiffs repeat that the application of OBRPA or PIPEDA is limited to Canadian individuals or companies, but they provide no evidence demonstrating this is the case. There is no dispute that OBRPA prohibits the removal of business records from Ontario, regardless of whether the records reflect transactions with an American company. OBRPA, R.S., ch. 19, § 1. PIPEDA also does not distinguish between the privacy interests of Canadians and Americans. Alternatively, Plaintiffs contend without support that when a United States court issues a valid subpoena for certain information maintained in Canada, PIPEDA §7(3)(a)-(c) authorizes the subpoenaed individual or company to disclose the requested information without consent to comply with a Canadian court order. In response, Protus produces evidence that the Canadian Privacy Commission would not consider a United States court order sufficient to compel disclosure on its own in those circumstances. Paper No. 118, Ex. 2 at ¶ 10. Thus, Plaintiffs have presented no new evidence or case law refuting this Court's decision that compliance with OBRPA and PIPEDA is necessary in this case because the statutes apply to the privacy interests of Americans and American companies just as they apply to the privacy interests of Canadians and Canadian companies.

In addition, Plaintiffs have not raised any persuasive arguments why they should be afforded relief based on other grounds. Plaintiffs have not demonstrated fraud or misconduct by Defendant, or that this Court's order is void or inequitable. Plaintiffs contend relief is justified because another case pending in this Court, *Hobby Works, Inc., et al. v. Protus IP Solutions, Inc.*,

2008-CV-01618-DKC, supports their contention that complying with OBRPA and PIPEDA would be a too costly and too lengthy a process. However, Plaintiffs cite *Hobby Works* inaccurately, as that case actually demonstrates that compliance with OBRPA and PIPEDA is fiscally and temporally manageable. As Defendants point out, in *Hobby Works* it took Protus less than ten days to obtain an OBRPA order from a Canadian Court giving them leave to produce Ontario business documents to plaintiffs. Though it took Protus longer to request and secure a PIPEDA order, that process was delayed by the plaintiffs, not Protus, and it still took under two months. Therefore, this Court finds no other reason why Defendants should be relieved from this Court's Order since complying with these two Canadian statutes does not financially overburden Plaintiffs and does not appear to draw out the discovery process for a prolonged period of time. Consequently, Plaintiffs' Motion for Reconsideration (Paper No. 109) is DENIED.[2]

## II. Defendants Hanna's and Sunstar's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants Sunstar and Hanna move to dismiss the case against them, contending that this Court does not have subject matter jurisdiction over them under 28 U.S.C. § 1332 since Plaintiffs' claims for damages against these two Defendants does not meet the minimum $75,000 threshold required for diversity of citizenship.[3] Under Rule 12(b)(1), it is the plaintiff who must

---

[2] Plaintiffs also assert that Protus should pay for the costs of complying with OBRPA and PIPEDA. Since Plaintiffs knowingly brought this action in Maryland against a Canadian corporation, it is Plaintiffs' responsibility to comply with Canadian discovery laws at their own expense.

[3] As this Court has previously noted, although "federal question jurisdiction does not exist for claims brought under the [Telephone Consumer Protection Act ("TCPA")]," this Court has held that "diversity jurisdiction remains available to private litigants under the TCPA." *Baltimore-Washington Telephone,* 584 F. Supp. 2d 736, 741 (D. Md. 2008); *see also International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997) (explaining that "jurisdiction of the United States district courts over private TCPA actions

prove that subject matter jurisdiction exists. *See O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Evans v. B. F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999)). In reviewing a Rule 12(b)(1) motion, factual allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 391 (D. Md. 2001). A Rule 12(b)(1) motion will be granted only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, F. & P. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

      Plaintiffs AGV, Baltimore Podiatry Group, Powers & Powers, P.A. and William Michael Jacobs bring claims for damages against Defendants Sunstar and Hanna. While there are claims against certain Defendants in this case that exceed the $75,000 threshold required by 28 U.S.C. § 1332 (including claims against Protus for $2,147,500), the claims against Defendants Sunstar and Hanna total only $15,000 in damages. Additionally, Plaintiffs' contention that these Defendants are liable for even $15,000 is questionable since Plaintiffs claim $1,500 in damages per fax under the federal Telephone Consumer and Protection Act, 47 U.S.C. § 227, and $1,000 in damages per fax under the Maryland Telephone and Consumer Protection Act, and they only allege that Sunstar and Hanna sent **two** unsolicited faxes in total in their Complaint. *See* Compl. ¶ 30, 76 - 78. No other Plaintiff in this case alleges it has received any unsolicited faxes from Defendants Sunstar or Hanna or claims any other damages against them.

      Because Plaintiffs seek just $15,000 in damages against Defendants Sunstar and Hanna, the claims against these Defendants do not independently meet the minimum requirements for diversity of citizenship. Plaintiffs attempt to circumvent this issue by alleging that this Court has supplemental jurisdiction over all the Defendants for whom any specific plaintiff does not have a

---

may not be premised on the general federal-question jurisdiction conferred by 28 U.S.C. § 1331"). This case has been appropriately brought pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

claim of $75,000 pursuant to 28 U.S.C. § 1367. However, the supplemental jurisdiction statute specifically states that when a court has original jurisdiction founded solely on diversity of citizenship, the court shall not have supplemental jurisdiction over claims made by parties who are permissively joined under Rule 20, as Defendants Sunstar and Hanna are in this case. *See* 28 U.S.C. § 1367(b). Therefore, Defendants Sunstar's and Hanna's Motion to Dismiss (Paper No. 111) is GRANTED.

### III.     Motion for Ruling or Certification

Plaintiffs request that this Court hold that the Maryland Telephone Consumer Protection Act is a statutory "specialty" law with a statute of limitations of twelve years under Maryland Courts and Judicial Proceedings ("CJP") § 5-102(a)(6). In the alternative, Plaintiffs request that this Court certify this question to the Maryland Court of Appeals pursuant to Maryland Rule of Civil Procedure 8-305. The general statute of limitations in Maryland is three years under CJP § 5-101, which applies unless another limitations period is applicable. Section 5-102 of the CJP provides that:

> (a) An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:
>
>    (1) Promissory note or other instrument under seal;
>    (2) Bond except a public officer's bond;
>    (3) Judgment;
>    (4) Recognizance;
>    (5) Contract under seal; or
>    (6) ***Any other specialty.***
>
> (b) A payment of principal or interest on a specialty suspends the operation of this section as to the specialty for three years after the date of payment.
>
> (c) This section does not apply to a specialty taken for the use of the State.

*Id.* (emphasis added).

Plaintiffs' primary support for finding the Maryland TCPA to be a specialty law is predicated upon the Maryland Court of Appeals' decision in *Master Financial, Inc. v. Crowder*, 972 A.2d 864 (Md. 2009), holding that:

> An action based on a statute will constitute an "other specialty" subject to the 12-year period of limitations if (1) the duty, obligation, prohibition, or right sought to be enforced is created or imposed solely by the statute, or a related statute, and does not otherwise exist as a matter of common law; (2) the remedy pursued in the action is authorized solely by the statute, or a related statute, and does not otherwise exist under the common law; and (3) if the action is one for civil damages or recompense in the nature of civil damages, those damages are liquidated, fixed, or, by applying clear statutory criteria, are readily ascertainable.

*Master Fin., Inc. v. Crowder*, 972 A.2d at 875 (Md. 2009). Plaintiffs contend that the Maryland TCPA fits these criteria because 1) it makes illegal in Maryland duties imposed solely by statute by the FTC's Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101-6108, and the federal TCPA; 2) it provides for remedies that are authorized only by statute: reasonable attorney's fees and $500 statutory damages; and 3) its remedies are for civil damages that are liquidated or fixed. Md. Code Ann., CL § 14-3201 and § 3202(a)-(b). Thus, under *Master Financial*'s three-pronged test, the Maryland TCPA appears to qualify as a specialty law with a twelve year statute of limitations governed by CJP § 5-102(a).

In response, however, Defendants present a number of arguments in support of their position that the Maryland TCPA does not qualify as a "specialty." Though the word "specialty" has not been defined by the Maryland legislature, this Court has held that a "specialty" is generally understood to be "a legal instrument under seal." *Attorney Gen. of Md. v. Dickson*, 717 F. Supp. 1090, 1104 (D. Md. 1989). Maryland TCPA claims do not involve legal instruments under seal. Furthermore, *Master Financial* addressed the Secondary Mortgage Loan Law, which creates a cause of action for debt, and acknowledges that statutory specialties "usually have involved an action of debt for a fixed or determinable sum." *Master Fin., Inc. v. Crowder*, 972

A.2d at 873 (quoting *Greene Tree*, 358 Md. at 481-82).  Plaintiffs' action is based upon the receipt of unsolicited faxes, and is obviously not an action of debt.  Additionally, in *Greene Tree Home Owners Association v. Greene Tree Associates*, 358 Md. 453, 476 (2000), the Maryland Court of Appeals held that the Maryland Consumer Protection Act, a statute that is similar in substance to the Maryland TCPA, is not a specialty and therefore was governed by the default three year statute of limitations.  In *Greene Tree*, the court noted: "Many of the cases involving issues of statutory specialty are actions of debt, using that term in the common-law-pleading, form-of-action sense."  Finally, the federal TCPA has a four year statute of limitations period.  A finding that Maryland TCPA claims are subject to a twelve year statute of limitations period, rather than the default three year period, would seem to be inconsistent with the federal TCPA.

The controlling statute for certifying questions to the Court of Appeals of Maryland is CJP § 12-603.  This statute provides that "[t]he Court of Appeals of this State may answer a question of law certified to it by a court of the United States or by an appellate court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State."  *Id*.  Since Protus is now the only remaining Defendant in this case, and since Protus is alleged to have sent a number of unsolicited faxes to Plaintiffs more than three years before the pending law suit was filed, the answer to this question is determinative of an issue in this case.  Compl. ¶¶ 26, 63.  Furthermore, this argument raises a novel question of Maryland law.  Instead of having this issue of first impression in Maryland law decided by a federal district court, this Court will certify this question to the Court of Appeals of Maryland by the separate Certification Order being filed on this date.

**IV.     Motion to Quash**

Defendants move to quash Plaintiffs' November 18, 2009, subpoena of Stephen H. Ring, Esq., an attorney representing different plaintiffs in the aforementioned separate action against Protus, *Hobby Works, et al. v. Protus*.  That subpoena requests all documents and deposition transcripts Ring's office received during discovery in *Hobby Works*.  Paper No. 116, Ex. B.  Rule 45 of the Federal Rules of Civil Procedure establishes the rules for serving subpoenas on non-parties.  Upon the filing of a motion, this Court has the authority to quash or modify subpoenas issued from this Court.  Fed. R. Civ. P. 45(c)(3)(A), (B).  Generally, to have standing to challenge a subpoena, a person must assert his own legal interests.  A party does not have standing to challenge a subpoena issued to a non-party "unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005); s*ee also In re Grand Jury Subpoena John Doe*, 584 F.3d 175, 184, 190-91 (4th Cir. 2009).  In the instant case, Protus has standing to challenge the subpoena at issue because the documents that Plaintiffs seek include internal documents regarding Protus' operations and technology, documents identifying Protus' employees, customers and their purchase history, as well as deposition testimony regarding Protus' services.

Plaintiffs' subpoena is inappropriate for a number of reasons.  First, Plaintiffs seek to compel documents Ring received as a result of the broad discovery requests in *Hobby Works*, whereby Protus disclosed documents regarding its business operations that are protected by OBRPA and PIPEDA.  Given that protection, the documents produced under OBRPA and PIEDA may only be used by Ring for the *Hobby Works* litigation, and cannot be disclosed for a different proceeding.  Second, a Stipulation and Protective Order was entered in *Hobby Works* that designates the majority of the documents Protus produced under OBRPA and PIPEDA as confidential.  Finally, Plaintiffs' subpoena is overly broad and exceeds the scope of permissible

discovery under Rule 26, and it is not rationally limited to the receipt of unsolicited facsimile advertisements received by Plaintiffs in this case. Accordingly, Defendants' Motion to Quash (Paper No. 116) is GRANTED.

Accordingly, Plaintiffs' Motion for Reconsideration (Paper No. 109) is DENIED, Defendants Joseph D. Hanna's and Sunstar Travel and Tours, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Paper No. 111) is GRANTED, Plaintiffs' Motion for Ruling or Certification (Paper No. 114) is GRANTED, and Defendant Protus's Motion to Quash Subpoena (Paper No. 116) is GRANTED. A separate Order follows.

Dated:  April 15, 2010             /s/_____
                                    Richard D. Bennett
                                    United States District Judge