UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AGV SPORTS GROUP, INC., et al. | * | |
| *Plaintiffs* | * | Case # 08-CV-3388-RDB |
| v. | * | |
| PROTUS IP SOLUTIONS, INC., et al. | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' MOTION TO STAY

The five Plaintiffs, Baltimore Podiatry Group, Drs. Scheffler & Sheitel, P.A., Givens Collision Repair Center, Inc., Intelligent Devices, Inc., Martin Pasco, and Powers & Powers, P.A., through counsel Michael C. Worsham, Esq., move to stay this case and postpone trial pending the outcome of the U.S. Supreme Court's decision in *Mims v. Arrow Financial Services, Inc.*

On June 27, 2011 the Supreme Court granted certiorari (Docket #10-1195) in *Mims* to determine the issue of whether there is federal question subject matter jurisdiction in federal courts over Telephone Consumer Protection Act (TCPA) claims, framing the issue as follows:

> Did Congress divest the federal district courts of their federal-question jurisdiction under 28 U.S.C. § 1331 over private actions brought under the Telephone Consumer Protection Act?[1]

Defendants Michael Jay, Joseph Hanna, and Sunstar Travel and Tours, Inc. were all dismissed from this suit for lack of subject matter jurisdiction. *See* ECF #87 (July 1, 2009 Order dismissing Michael Jay) and ECF #138 (April 15, 2010 Order dismissing Hanna and Sunstar Travel and Tours, Inc.). If the Supreme Court holds that federal courts have federal question jurisdiction over TCPA claims, then this federal court will have subject matter jurisdiction over the claims against all of these Defendants, and these three Defendants will have to be reinstated as Defendants.

---

[1] *See* www.supremecourt.gov/qp/10-01195qp.pdf (June 27, 2011)

If that is the outcome, it would be a waste of the party's, court's and jury's time to complete discovery, prepare for trial, and litigate a jury trial scheduled to last for two weeks, if three Defendants that should be part of the trial are missing from the proceedings due to what the highest court of the land and ultimate authority determines to have been an incorrect basis.

The federal appellate circuits are currently split on whether there is federal question jurisdiction over TCPA claims. Six federal courts of appeals - the Second, Third, Fourth, Fifth, Ninth, and Eleventh - have held that federal courts lack federal-question jurisdiction over private TCPA actions. *See Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998), *modified*, 140 F.3d 898 (11th Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998); *Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000).

The two circuits that have most recently confronted the question - the Sixth and Seventh Circuits - rejected that majority view. *See Charvat v. Echostar Satellite LLC*, 630 F.3d 459, 463-64 (6th Cir. 2010), *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005). One of the current Justices, then-Judge Alito, dissented from the Third Circuit's 1998 decision in *ErieNet*, and concluded that "it is clear that the language of the TCPA is insufficient to divest district courts of their federal question jurisdiction." 156 F.3d at 521. Given this history, including one current Supreme Court Justice on record as ruling that there is federal question jurisdiction, the decision of the Supreme Court could certainly be a holding of federal jurisdiction for TCPA claims like those of the Plaintiffs against the three dismissed Defendants Jay, Hanna, and Sunstar Travel and Tours.

Additionally, the Plaintiffs claims against these three Defendants would be time-barred by the statute of limitations if the Plaintiffs were to re-file them now. Thus the possibility of refiling

2

the claims is foreclosed and does not exist, and these claims against these Defendants, if they are heard, must be brought in the instant case.

WHEREFORE the Court should grant this Motion, and stay the case, until the Supreme Court issues its ruling in *Mims v. Arrow Financial Services, Inc.,* Supreme Court Docket #10-1195, (*cert granted* on June 27, 2011).

Respectfully submitted,

/s/ *Michael C. Worsham*
Michael C. Worsham, Esq.  (Bar # 25923)
1916 Cosner Road
Forest Hill, Maryland 21050
(410) 557-6192,  Fax: (410) 510-1870
mcw @ worshamlaw.com
*Attorney for Plaintiffs Baltimore Podiatry Group, Drs. Scheffler & Sheitel, P.A., Givens Collision Repair Center, Inc., Intelligent Devices, Inc., Martin Pasco, and Powers & Powers, P.A.*

## CERTIFICATE OF SERVICE

I certify a copy of this document was served via the Court's ECF system on July 1, 2011.

/s/

Michael C. Worsham, Esq.