IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

AGV SPORTS GROUP, INC., et al.

Plaintiffs

Civil Action No. 1:2008cv03388

vs.

PROTUS IP SOLUTIONS, INC., et al.

Defendants

______________________________/

The deposition of PHILLIP WEINER, M.D. was held on Friday, July 29, 2011, commencing at 11:30 a.m., at the Law Offices of Brown, Goldstein, Levy, LLP, 120 East Baltimore Street, Suite 1700, Baltimore, Maryland 21202, before Steven Poulakos, Notary Public.

REPORTED BY: Steven Poulakos



APPEARANCES:

ON BEHALF OF THE PLAINTIFF:

MICHAEL CRAIG WORSHAM, ESQUIRE

Law Office of Michael Craig Worsham

1916 Cosner Road

Forest Hill, Maryland 21050

Telephone: 410-557-6192

Facsimile: 410-510-1870

E-mail: mcw@worshamlaw.com

ON BEHALF OF DEFENDANT, PROTUS IP SOLUTIONS, INC.:

RYAN J. GAVIN, ESQUIRE

Greensfelder, Hemker & Gale, P.C.

10 South Broadway, Suite 2000

St. Louis, Missouri 63102

Telephone: 314-241-9090

Facsimile: 314-241-8624

E-mail: rjg@greensfelder.com

previously captioned as AGV Sports Group versus Protus. I understand one of my colleagues took your deposition about a month ago in your own case, correct?

A Yes.

Q And I'm not here to revisit all of that. I have a pretty limited purpose today. I have been advised by Mr. Worsham that you have faxes that you received that he intends to use in evidence in this AGV case. And so I'm here to ask you about those faxes and find out what you know about my case, if anything?

A Okay.

Q Mr. Worsham is your attorney in your own lawsuit?

A He is.

Q Is he your attorney also for this deposition today?

A He is.

Q And you are appearing here because I served you with a subpoena to come today, correct?

A I am.

Q In my subpoena I asked you to bring

documents with you, have you done that?

A I really don't have any documents that I could bring to you that are not HIPAA protected.

Q What kind of documents do you have that are HIPAA protected?

A Fax transmittal sheets. Because they list a number on the same sheet and I cannot be sure that they are not -- some are from patients, some are from other areas.

Q These transmittal sheets, can you describe for me what they are?

A I can show you what one looks like.

Q That would be great.

So it's a sheet generated by your fax machine?

A By the fax machine.

Q And it has -- what are the different columns there?

A This is the transmittal journal that we sent out and this is the receipt journal that we receive.

Q Okay.

A They sometimes have the, who is sending it. And they tell whether it's fine or normal, start time, the time, the number of pages, and the result, all of which were okay.

Q And so your concern with producing those is that the numbers might be protected by HIPAA?

A Yes.

Q In particular, I guess, the fax numbers?

A Yes.

Q The other information would not be protected by HIPAA?

A No.

Q Any other documents that you have that are responsive to the subpoena that you did not bring with you today?

A The -- I didn't think I needed to bring the actual faxes because you would have them, and I presented them to Mr. Worsham.

Q Well, on the one hand I only have what Mr. Worsham gives me, and I have no knowledge as to whether

that's everything or not?

A To the best of my knowledge, it would be everything I gave him, he has.

Q So if we -- if I try to understand what categories of documents exist, you have transmittal records and you have faxes, is there anything else?

A No other than, I do recall calling one of the numbers to try to opt-out. And I found that that was rather silly to do. And spend all of the time doing all of that when they weren't supposed to be sending them in the first place.

Q Are there any documents that you have that are related to your efforts to opt-out?

A The only thing that I recall doing, and I don't know when I started doing it, is that when I called, I would put a check mark on them.

Q On the fax?

A On the fax.

Q Which Mr. Worsham would have?

A Which Mr. Worsham would have.

Q I know some people that I've deposed in the

past have kept a log that said, I called opt-out number on such and such a date, you don't have a separate document?

A No, I was -- incensed is a harsh word. I was incensed at times getting them -- to spend more time than necessary on them. At that time it was just get rid of them --

Q Going back to my subpoena and my request for documents, the only categories of documents you would have that would be responsive would be the transmittal logs and the facsimiles?

A Correct.

MR. WORSHAM: And I might also make an objection for the record that I did serve on you, or today, Mr. Gavin, objections to the subpoena. And we also did file a motion for protective order that's still pending as far as I know with the court.

MR. GAVIN: Okay. And let me go ahead and mark this as Exhibit 1.

(Dr. Weiner Exhibit 1 was marked for purposes of identification.)