IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| MARTIN PASCO, et al., | * | |
| Plaintiffs, | * | |
| vs. | * | Cause No. 1:08-CV-03388-RDB |
| PROTUS IP SOLUTIONS, INC., et al., | * | |
| Defendants, | * | |
| | * * * * * * | |

**DEFENDANT PROTUS IP SOLUTIONS, INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO STRIKE THE AFFIDAVIT OF
RICHARD ZELMA**

Defendant Protus IP Solutions, Inc., now known as j2 Global Canada, Inc., carrying on business as Protus IP Solutions ("Protus"), hereby submits its Memorandum in Support of its Motion to Strike the Affidavit of Richard Zelma.

**INTRODUCTION**

On September 4, 2011, Plaintiffs filed their consolidated Motion for Summary Judgment and Opposition to Protus' Motion for Summary Judgment.  In support thereof, Plaintiffs attached the affidavit of Richard Zelma ("Zelma").  Zelma is not a party to this case and, admittedly, has no personal knowledge regarding the claims asserted by Plaintiffs.  Rather, he is a third party who holds himself out as possessing the ability to recognize faxes transmitted via Protus' facsimile broadcast service by reference to their header styles and other characteristics.  Although Zelma admitted in his deposition that he has not reviewed any faxes in this case, he endeavors to opine regarding the methods by which the Court can identify facsimiles allegedly received by Plaintiffs as having been transmitted by Protus.  The substantive averments made in Zelma's affidavit are not based upon personal knowledge, rely on

inadmissible hearsay, and are merely conclusory statements bearing no relationship to the facts of this case or Plaintiffs' claims.  As such, Zelma's affidavit fails to satisfy the requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure.  Zelma's affidavit should therefore be stricken and given no credence in connection with the parties' pending dispositive motions.

**ARGUMENT**

## I.      Legal Standard

Federal Rule of Civil Procedure 56(c)(4) requires that affidavits opposing or supporting a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4); see also Evans v. Techs. Applications & Serv. Co., 80 F. 3d 954, 962 (4th Cir. 1996). Where an affidavit does not meet these standards, it may be stricken by the Court.  Contracts Materials Processing, Inc. v. Kataleuna GMBH Catalysts, 164 F. Supp. 2d 520, 527 (D. Md. 2001).  "Although affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency."  Moret v. Geren, 494 F. Supp. 2d 329, 336 (D. Md. 2007).  Thus, a court should strike affidavits or portions thereof that lack personal knowledge, contain hearsay, or rest upon conclusory statements.  Evans, 80 F. 3d at 962.

The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of an affidavit and, accordingly, summary disposition based thereon is improper.  Catawba Indian Tribe of South Carolina v. South Carolina, 978 F. 2d 1334, 1342 (4th Cir. 1992).  It is not enough for the affiant to state that the affidavit is within his or her personal knowledge.  Rather, the affiant must

set forth facts and affirmatively demonstrate how he or she came to possess personal knowledge of those facts.  See  McLaughlin v. Copeland, 435 F. Supp. 513, 519-521 (D. Md. 1977).

In McLaughlin, a party moved to strike an affidavit on the grounds that the affiant did not state explicitly that he was competent to testify and that his affidavit was based on personal knowledge.  The court, in reviewing the affidavit at issue, stated that it must be "apparent from the face of the affidavit that the affiant has personal knowledge" to support the averments therein.  435 F. Supp. at 519.  Upon review of the contents of the affidavit, the court concluded that certain paragraphs failed to contain sufficient information from which it could be concluded that they were supported by and based upon personal knowledge.   Id. at 520.  Those paragraphs were stricken by the court because the affiant did not state "how he came to be aware or to be advised of this knowledge."  Id.  Thus, the court's ruling in McLaughlin demonstrates how a specific affirmative showing that information contained in an affidavit is within the affiant's personal knowledge is required over "the traditional litany of [an affiant's] personal knowledge and competence to testify."  Id. at 519.

In addition to being based on personal knowledge, Fed. R. Civ. P. 56(c)(4) requires affidavits to set out facts that would be admissible at trial.  Williams v. Griffin, 952 F. 2d 820, 823 (4th Cir. 1991).  An affidavit in support of summary judgment or in opposition thereto that contains inadmissible evidence is properly stricken.  See  Metropolitan Life Ins. Co. v. Hall, 9 F. Supp. 2d 560, 561 (D. Md. 1998).  When a witness offers the out-of-court statements of another person to prove the truth of the matter asserted in the statement, the testimony is hearsay.  See Federal Rule of Evidence 801(c).  The Fourth Circuit has specifically held that inadmissible hearsay statements contained in affidavits are not properly considered on a motion for summary judgment.  Evan, 80 F. 3d at 962 (citing Maryland, 933 F. 2d at 1252).

**II.     Zelma's Affidavit Should Be Stricken Because It Is Not Based Upon Personal Knowledge As Required Under Fed. R. Civ. P. 56(c)(4).**

Zelma's ultimate substantive conclusion – that he can describe the keys to identifying facsimiles transmitted by Protus – fails to satisfy the foundational requirements of Federal Rule of Civil Procedure 56(c)(4).  Zelma presents no specific and affirmative facts demonstrating personal knowledge sufficient to allow him to testify  regarding Protus' header formats or toll-free numbers.  In Paragraphs 3 through 8 of his affidavit, Zelma spends a great deal of time discussing faxes that were the subject of lawsuits he filed against Protus in 2003 and 2007.  See Richard Zelma Affidavit pp. 1-2.  Herein, the foundation for his affidavit is revealed to be little more than hearsay – he allegedly confirmed Protus as the broadcaster of certain facsimiles by speaking with (1) advertisers identified within the facsimiles and (2) counsel for Protus.

Paragraph 9 similarly discloses more hearsay wherein Zelma states he learned information about Protus through purported statements from an advertiser whose roofing services were advertised on the fax as "Army Roof."  See Richard Zelma Affidavit p. 2.  Zelma claims that the advertiser identified Protus as the broadcaster of a particular roofing advertisement.  Id.  These statements, even if true, are inadmissible hearsay.  Copier Typewriters Calculators Inc. v. Toshiba Corp., 576 F. Supp. 312, 316 (D. Md. 1983) (striking sentence in affidavit based upon what affiant had been advised by others).

Paragraphs 10 and 14 of Zelma's affidavit likewise reveal that Zelma's personal interpretation of facsimile ads was purportedly developed and confirmed via communications with Protus' counsel and advertisers identified in facsimiles.  Zelma does not purport to possess any personal knowledge regarding Protus' facsimile broadcast hardware, its software or its system.  Thus, there is no foundation for Zelma's averments – he relies entirely on hearsay as opposed to personal knowledge.

Zelma's communications with Protus' counsel, in addition to constituting inadmissible hearsay, occurred within the context of settlement negotiations. Conversations between Zelma and Protus' counsel occurred during compromise negotiations concerning the two previous lawsuits. See Declaration of Mary Ann L. Wymore attached to Protus' Consolidated Reply Memorandum In Support of its Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment. Accordingly, such statements are privileged and inadmissible under Federal Rule of Evidence 408. More importantly, as set forth in Ms. Wymore's declaration, Zelma's allegations that Protus' counsel confirmed the transmission of "dozens" of fax advertisements, are simply inaccurate.

At the end of the day, Zelma has no personal knowledge regarding the facts or allegations of this lawsuit. He has admitted as much under oath. On July 27, 2011, Zelma confirmed the following during his deposition: 1) none of the faxes from his previous lawsuits relate to this litigation; 2) he has neither seen nor reviewed any faxes in this case; and 3) he knows nothing about the claims asserted by Plaintiffs. See *Exhibit A*, Richard Zelma Deposition, pp. 32-33, 54-56.

A very similar affidavit was appropriately disregarded by a United States District Court hearing a TCPA dispute in Arizona. In Peter Strojnik, P.C. v. Signalife, Inc., plaintiff's counsel, for the purpose of establishing personal jurisdiction, submitted a declaration wherein he stated that he had experience prosecuting TCPA claims and could identify the facsimile sender based on the removal number contained in the facsimile. 2009 WL 605411, *2 (D.Ariz. 2009). The Court, in rejecting this contention, stated that it was "not required to 'credit conclusory [jurisdictional] allegations or draw far-fetched inferences." Id. (internal citations omitted). The same conclusion is warranted in the instant case wherein Zelma, based on his alleged experience with Protus facsimile headers and removal

numbers, purports to be an authority on recognizing facsimiles broadcast by Protus.  Zelma's statements are so conclusory and far-fetched that they should be summarily rejected.

In light of these deficiencies, the substantive averments of Zelma's affidavit must be stricken. Paragraphs 11 through 15 of Zelma's affidavit are comprised of conclusory statements regarding Protus' fax header formats and the toll-free numbers offered to its clients.  See Richard Zelma Affidavit p.p. 2-4. As described above, Zelma arrives at these conclusions by relying on purported out-of-court statements made in connection with two previous lawsuits.  His contentions are not in any way based on personal knowledge or familiarity with the specific facts in this case.  As set forth above, affidavits cannot be conclusory and cannot be based on hearsay.  Rohrbough v. Wyeth Lab., Inc., 916 F. 2d 970, 975 (4th Cir. 1990); Md. Highways Contractors Ass'n v. Maryland, 933 F. 2d 1246, 1251-52 (4th Cir. 1991).

Ultimately, Zelma wants to give the Court the impression that he is competent to testify as to the characteristics from which a facsimile transmitted via Protus' facsimile broadcast system may be identified.  In support thereof, he asserts that the contents of his affidavit are "true based on personal knowledge."  See Richard Zelma Affidavit p. 4.  It is clear that he is not competent to testify on this topic – he possesses no personal knowledge regarding Protus' facsimile broadcast system or the facsimile transmissions at issue in this litigation.  Accordingly, Defendant Protus IP Solutions, Inc. requests this Court strike Zelma's affidavit because it lacks appropriate foundation under Rule 56(c)(4) and is not based on personal knowledge.

## CONCLUSION

For the reasons stated above, Protus respectfully requests that this Court strike the affidavit of Richard Zelma and award such other and further relief as it deems just and proper.

Dated:  September 19, 2011                     Respectfully submitted,


                                               /s/  Ryan J. Gavin
                                               Mary Ann L. Wymore (*Pro Hac Vice*)
                                               mlw@greensfelder.com
                                               Ryan J. Gavin (*Pro Hac Vice*)
                                               rjg@greensfelder.com
                                               David P. Niemeier (*Pro Hac Vice*)
                                               dpn@greensfelder.com
                                               GREENSFELDER, HEMKER & GALE, P.C.
                                               10 S. Broadway, Suite 2000
                                               St. Louis, Missouri  63102
                                               Telephone:  (314) 241-9090
                                               Facsimile:  (314) 345-5465

                                               Dana W. McKee (#04447)
                                               dwm@browngold.com
                                               Brown, Goldstein & Levy, LLP
                                               120 E. Baltimore Street, Suite 1700
                                               Baltimore,  MD  21202-6701
                                               Telephone:  (410) 962-1030
                                               Facsimile:  (410) 385-0869

                                               *Attorneys for Defendant Protus IP Solutions, Inc.,*
                                               *now known as j2 Global Canada, Inc., carrying on*
                                               *business as Protus IP Solutions*


## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.


                                               /s/ Ryan J. Gavin