UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATIN PASCO, et al. | * | |
| *Plaintiffs* | * | Case # 1:08-cv-3388-RDB |
| v. | * | |
| PROTUS IP SOLUTIONS, INC., et al. | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MOTION TO DISQUALIFY MARY ANN WYMORE AS COUNSEL FOR DEFENDANT PROTUS IP SOLUTIONS, INC.

Plaintiffs, Baltimore Podiatry Group, Drs. Scheffler & Sheitel, P.A., Givens Collision Repair Center, Inc., Intelligent Devices, Inc., Martin Pasco, and Powers & Powers, P.A., move to disqualify Mary Ann Wymore as counsel for Defendant Protus IP Solution, Inc. Ms. Wymore has personal knowledge over disputed material information that will be presented at trial, as evidenced by her own recent Affidavit (ECF #240-3) disputing material facts sworn to by witness Richard Zelma.

### ARGUMENT

New Jersey resident Richard Zelma has sued Protus for unsolicited fax ads twice, in 2003 and 2007, as detailed in Mr. Zelma's September 2, 2011 Affidavit, which was filed September 4, 2011 as ECF document #230-6 to support Plaintiffs' Motion for Summary Judgment. His Affidavit is attached again as an Exhibit herein. Plaintiffs intend to call Mr. Zelma as a trial witness.

Mr. Zelma swears that Ms. Wymore confirmed that dozens of a wide variety of different content of unsolicited fax ads had been broadcast to him by Protus:

> In my second suit filed in 2007 against Protus, based on a variety of different fax ads for roofing, mortgage, and stock touting products or services, Protus's counsel Mary Ann Wymore acknowledged and confirmed that dozens the fax ads that I had alleged Protus sent me in that suit had in fact gone through Protus's fax broadcasting system. I also called other fax advertisers on ads alleged in my Protus suits, who confirmed that their fax ads were broadcast by Protus.

1

Zelma Affidavit at ¶ 7.

Mr. Zelma swore that Ms. Wymore's confirmation took place outside the scope of settlement negotiations, which occurred later with a different attorney:

> Through the course of my lawsuits against Protus and calls to the fax advertisers, I analyzed and learned how to recognize and interpret the style and format of the fax transmission 'header' lines that appears on the top of the faxes broadcast by Protus, and had my interpretations and analysis confirmed by both Protus's own attorney and its own advertiser customers. Protus's attorney was May Ann Wymore, and she confirmed the Protus faxes to me prior to and not part of settlement discussions, which took place later with a different attorney.

Zelma Affidavit at ¶ 10. Mr. Zelma also detailed the transmission 'header' style of Protus that he determined. *Id.* at ¶ 11. This is the same header style as in the fax ads sent to Plaintiffs.

Protus denies sending any fax ads to Mr. Zelma, as well as to the Plaintiffs. Ms. Wymore submitted her own Affidavit (ECF #240-3) in support of Protus's opposition to Plaintiffs' Motion for Summary Judgment, swearing to material facts that are now in dispute. Specifically, she denies confirming Protus's sending of dozens of fax ads to Mr. Zelma. Wymore Affidavit at ¶ 4. Ms. Wymore's additional assertion that she was not in a position to confirm the sending of faxes is dubious at best, since she would have necessarily obtained the necessary information from her client (Protus), and did so for Mr. Zelma's fax ads, but would be an additional disputed issue.

Maryland Rule of Professional Conduct 3.7 does not allow an attorney to be counsel during trial. The Rule provides that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: . . . (1) the testimony relates to an uncontested issue."

During this litigation Ms. Wymore presented a settlement offer that would have restricted the right to practice of Plaintiffs' counsel, which ethically could not have been offered. *See* ECF #217-1, filed August 22, 2011. She should not be allowed to engage in any such further conduct by acting as an advocate at trial, in contradiction to the Rules of Professional Conduct.

WHEREFORE this Motion to disqualify should be granted, and Mary Ann Wymore disqualified from acting as trial counsel for Defendant Protus.

> Respectfully submitted,
>
> /s/ *Michael C. Worsham*
> Michael C. Worsham, Esq.
> 1916 Cosner Road
> Forest Hill, Maryland 21050
> (410) 557-6192
> Fax: (410) 510-1870
> mcw @ worshamlaw.com
> Federal Bar # 25923
>
> *Attorney for Plaintiffs Baltimore Podiatry Group, Drs. Scheffler & Sheitel, P.A., Givens Collision Repair Center, Inc., Intelligent Devices, Inc., Martin Pasco, and Powers & Powers, P.A.*

## CERTIFICATE OF SERVICE

On September 28, 2011 this document was filed through the Court's ECF system.

> /s/ *Michael C. Worsham*
> Michael C. Worsham, Esq.

3