IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| MARTIN PASCO, et al., | * | |
| Plaintiffs, | * | |
| vs. | * | Cause No. 1:08-CV-03388-RDB |
| PROTUS IP SOLUTIONS, INC., et al., | * | |
| Defendants, | * | |
| | * * * * * * | |

**DEFENDANT PROTUS IP SOLUTIONS, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF RICHARD ZELMA**

Defendant Protus IP Solutions, Inc., now known as j2 Global Canada, Inc., carrying on business as Protus IP Solutions ("Protus"), states as follows for its Reply to Plaintiffs' Opposition to Defendant's Motion to Strike Affidavit of Richard Zelma ("Motion to Strike"):

**INTRODUCTION**

Implicit in Plaintiffs' Opposition to Protus' Motion to Strike is one core fact – Richard Zelma does not, personally, know anything relevant to Plaintiffs' claims. He has no personal knowledge of the "internal operation of Protus's [sic] fax sending software, hardware or system." (Plaintiffs' Opposition to Protus' Motion to Strike, p. 4). He purports to have conversations with various non-parties about faxes he claims to have received prior to the filing of this lawsuit and which are not part of this lawsuit. Plaintiffs' admit that certain of those conversations, as set forth in paragraphs 7-10 of Zelma's affidavit, are "technically hearsay" and subject to being stricken. (Plaintiffs' Opposition to Protus' Motion to Strike, p. 3.) This leaves only the communications alleged to have occurred by Zelma and Protus' counsel, which Plaintiffs' deem admissions under Federal Rule of Evidence 801(d)(2)(C) and (D).

Because Plaintiffs misconstrue and misapply this rule, Protus' Motion to Strike should be granted in its entirety.

## ARGUMENT

FRE 801(d)(2)(C) and (D) provide as follows:

(d) **Statements which are not hearsay**. A statement is not hearsay if –

(2) *Admission by party-opponent*. The statement is offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning the matter within the scope of the agency or employment, made during the existence of the relationship . . .

As an initial matter, Plaintiffs fail to satisfy any of the foundational requirements for these exclusions from the definition of hearsay. While Ms. Wymore did represent Protus in communications she had with Zelma, there is no evidence from which it can be determine that she was authorized to identify facsimiles as having been transmitted via Protus' facsimile broadcast system, whether such statements were within the scope of any "agency or employment" relationship or whether the statements were affirmed or ratified by Protus. See, Lightning Lube, Inc. v. Witco Corp., 802 F.Supp. 1180, 1198 (D. N.J. 1992) (holding that statements by outside counsel not admissible against party in civil lawsuit). The alleged agent must have possessed specific permission to speak on the subject issue as opposed to more generalized authority. Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., 262 F.Supp.2d 251, 260 (S.D.N.Y. 1993). Any statements made by Ms. Wymore were made out of court, informally and off-the-record settlement discussions. See, Moody v. Township of Marlboro, 885 F. Supp. 101, 104 (D.NJ. 1995) (holding that an attorney's casual statement to an opposing party during a break in a deposition was not within the scope of the attorney-client relationship for purposes of Rule 801(d)(2)). There is no evidence as to the authority extended to Ms. Wymore with respect to any

of the alleged statements. To elevate such statements to admissions against interest by Protus requires unacceptable speculation and conjecture. See, U.S. v. Valencia, 826 F.2d 169, 173 (2nd Cir. 1987) (holding that informal communications between a prosecutor and defense counsel representing a criminal defendant not admissible as admissions against interest). Accordingly, the foundational requirements of FRE 801(d)(2)(C) and (D) have not been satisfied with respect to the alleged communications between Protus' counsel and Zelma.

Plaintiffs' contention that counsel's statement are admissions under FRE 801(d) should further be rejected because Plaintiffs' were not parties to the proceedings in which the statements were made. The communications between Mr. Zelma and Protus' counsel were made in the context of a wholly unrelated proceeding involving a party who is a stranger to this action. In Brownko International, Inc. v. Ogden Steel Co. the defendant sought to introduce statements by plaintiff's counsel in an unrelated arbitration as admissions by a party. 585 F. Supp. 1432, 1438 (SD NY 1983). However, like the Plaintiffs in this case, the party seeking to use the earlier statements by counsel was not a party to the earlier action. The trial court denied defendant's request:

> I am particularly skeptical of the proposition in circumstances such as those at bar, where the party seeking to take advantage of the "admission" was a stranger to the prior proceeding, and where the fact at issue (the market for a commodity) may readily be proved by independent sources. The case might be different if Ogden (and Brownko for that matter) had been parties to the proceeding in which counsel's declaration had been made, and if the declaration (presumably uttered by counsel with his client's approval) dealt with a subjective matter, such as the client's intent or state of mind. Neither circumstance is present here. Extending the concept of a Rule 801 admission to assertions of this nature in briefs of counsel is not required by the letter or spirit of the rule, and would open a veritable Pandora's box for pleaders.

Id. In the instant case, Plaintiffs were a stranger to the prior lawsuit by Zelma and the proposition sought to be proven – Protus' header formats – is objective and can be proven through other reliable and admissible evidence.

Further, the utilization of counsel's out-of-court statements as admissions against the represented party is proposition about which any trial court should be leery. The unique nature of the attorney-client relationship raises significant policy concerns and "demands that a trial court exercise caution in admitting statements that are the product of this relationship." <u>United States v. Harris</u>, 914 F.2d 927, 931 (7th Cir. 1990). Admitting attorney's statements may also have the effect of deterring attorneys from vigorous and legitimate advocacy on behalf of his or her client. <u>Id</u>. In the instant case, using statements by counsel made in the process of advocating for and negotiating on behalf of her client could serve to chill zealous advocacy.

Notwithstanding all of the above, Plaintiffs do not offer any evidence from which the parties or the Court can confirm that the statements purportedly made to Zelma are admissions under FRE 801. To qualify as an admission, a statement must be inconsistent with other statements or a position advanced by the party against whom the statement is to be used. <u>Employers Mut. Cas. Co. of Des Moines v. Mosqueda</u>, 317 F.2d 609, 612 (5th Cir. 1963). There is no evidence offered by Plaintiffs that Zelma's purported communications with Protus' counsel are inconsistent with other statements made by Protus in this case. The transmission of facsimiles to Zelma are not at issue in the case filed by Plaintiffs. Further, to the extent Plaintiffs intend to offer Zelma's testimony as evidence that Protus employs certain header formats, Plaintiffs have offered no evidence from which this issue could be analyzed for consistency with other statements by Protus. Thus the underlying rationale supporting the introduction of an alleged admission has not been demonstrated by Plaintiffs.

Finally, the purpose for which the statements are offered is not consistent with the statements themselves. Plaintiffs indicate that the purpose of Zelma's affidavit is to extrapolate from the facsimiles allegedly received by Zelma that one can identify facsimiles transmitted to Plaintiffs by Protus. Zelma

does not state that he and Protus' counsel discussed specific header formats. To draw the conclusion proffered by Plaintiffs, one has to assume that the facsimile header formats used when facsimiles were allegedly received by Zelma were also used at the same time and for the same customers when facsimiles were allegedly transmitted to Protus. Neither Plaintiffs nor Zelma claim that Ms. Wymore's communications related to the specific header formats, when they were used, how frequently they were used, or other details that can relate them to the facsimiles transmitted to Plaintiffs. As such, the admissions purportedly made by Protus' counsel do not align with the purpose offered by Plaintiffs and therefore fail to meet the requirements of FRE 801(d)(2)(C) and (D).

## CONCLUSION

WHEREFORE Protus prays this honorable Court for an order striking Richard Zelma's affidavit from Plaintiff's Motion for Summary Judgment and for such other and further relief as this Court deems just and proper.

Dated:  October 12, 2011	Respectfully submitted,


/s/  Ryan J. Gavin
Mary Ann L. Wymore (*Pro Hac Vice*)
mlw@greensfelder.com
Ryan J. Gavin (*Pro Hac Vice*)
rjg@greensfelder.com
David P. Niemeier (*Pro Hac Vice*)
dpn@greensfelder.com
GREENSFELDER, HEMKER & GALE, P.C.
10 S. Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone:  (314) 241-9090
Facsimile:  (314) 345-5465

Dana W. McKee (#04447)
dwm@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore,  MD  21202-6701
Telephone:  (410) 962-1030
Facsimile:  (410) 385-0869

*Attorneys for Defendant Protus IP Solutions, Inc., now known as j2 Global Canada, Inc., carrying on business as Protus IP Solutions*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.


/s/ Ryan J. Gavin

1303557

6